REQUESTED BY: Dear Senator Lewis:
This is in response to your request for our opinion concerning whether city councilmen of first class cities are presently prohibited from also serving as members of the housing authority. Pursuant to a conversation with a member of your staff, we understand that the issue involved herein may potentially be the subject of proposed legislation. Based on that understanding, we will proceed to address the question you have raised.
Section 16-101, R.R.S. 1943, defines cities of the first class as those cities having more than five thousand and not more than one hundred thousand inhabitants.
Section 19-601, R.R.S. 1943, provides that for the purpose of sections 19-601 to 19-661, R.R.S. 1943, the term, `city,' includes any city having a population of one thousand or more and less than two hundred thousand.
Therefore cities of the first class are included in these provisions.
Pursuant to section 19-611, R.R.S. 1943, the governing body of the city is the city council. The qualifications for serving as a member of the city council are enumerated in section 19-613, R.R.S. 1943, which provides in pertinent part:
 "Members of the council shall be residents and qualified electors of the city . . . [T]hey shall not hold any other elective public office or any other office or employment of the city. . ."
The above-cited statutory provisions indicate that a resolution of the question you have posed turns on the nature of the position of a housing authority member. Pursuant to section 71-1523, R.R.S. 1943, a housing authority is created by a resolution passed by the governing body of a city, village or county. If a housing authority is created by a city, under section 71-1524, R.R.S. 1943, its members or commissioners are appointed by the mayor with the approval of the city council. If a housing authority is created by a county, under section 71-1524, R.R.S. 1943, the county board appoints the members or commissioners of the housing authority. Under section 71-1526, R.R.S. 1943, the power to remove a housing authority commissioner is granted to the person or entity which appointed said commissioner. Section 71-1524(3), R.R.S. 1943, provides that the housing authority commissioners receive no compensation, but they are entitled to expenses.
In our opinion a commissioner of a housing authority created by a city is a city officer for the purpose of section19-613, R.R.S. 1943. Therefore city councilmen may not simultaneously serve as city housing authority commissioners.
The more difficult question involves whether city councilmen may serve as commissioners of county housing authorities. The appointment and removal power of the county board, as well as the operating area of the authority, indicate that county housing authority commissioners are not city officers. There is legal authority which indicates that it is also the nature of the duties performed which determine the characterization of the office. 62 C.J.S., MunicipalCorporations, § 462, p. 893. However, in our opinion a county housing authority commissioner is not a city officer for the purpose of section 19-613, R.R.S. 1943. Therefore there appears to be no statutory prohibition against city councilmen serving as commissioners of a county housing authority.
However, the common law doctrine of incompatibility precludes dual office holding in certain situations even in the absence of a specific statutory prohibition. If the two offices are directly incompatible then one person may not hold both simultaneously. The doctrine is rather nebulous, as it is founded on notions of public policy.
Our research has revealed one case in this jurisdiction which considers the incompatibility of offices. In Statev. Wait, 92 Neb. 313, 138 N.W. 159 (1912), the court stated:
 ". . . incompatibility in office exists `where the nature and duties of the two offices are such as to render it improper, from considerations of public policy, for an incumbent to retain both.'" Id. at 324.
The test for incompatibility of offices appears to be:
 ". . . whether there is an inconsistency in the functions of the two, as where one is subordinate to the other `and subject in some degree to its revisory power,' or where the duties of the two offices `are inherently inconsistent and repugnant.'. . ." Id. at 323.
Cases from other jurisdictions which have considered incompatibility of offices, involving a municipal office, reach inconsistent results. 62 Municipal Corporations,c.j.s., § 485, p. 924-925.
While there may be particular situations where a decision made is affected by the dual office holding, it is impossible to predict with any degree of certainty whether our courts would conclude that the offices of county housing authority commissioner and city councilman are incompatible.